UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SHAMCIYAN, | |
| Plaintiff, | |
| -against- | 25-CV-10651 (VSB) |
| DOUGLAS A. COLLINS, *Secretary of Department of Veterans Affairs*, | **ORDER OF SERVICE** |
| Defendant. | |

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who is appearing *pro se*, alleges that his former employer, the United States Veterans Administration ("VA"), discriminated against him on the basis of his perceived sexual orientation, disability, and national origin (Iranian), and retaliated against him for engaging in protected whistleblower activity. Plaintiff sues the Secretary of Veterans Affairs, Douglas A. Collins. The complaint may be construed as asserting claims pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act. By order dated March 23, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

A.    **Order of service**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service for assistance with effecting service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could

not have served a summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date a summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Douglas A. Collins through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for defendant. The Clerk of Court is also instructed to: (1) on the USM-285 form for the United States of America, mark the box labeled "Check for service on U.S.A."; and (2) issue summonses and deliver to the Marshals Service all the paperwork necessary to effect service upon the United States of America and Collins.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    Motion for *pro bono* counsel**

Plaintiff filed a motion for *pro bono* counsel. (ECF 3.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the

2

proceedings for the Court to assess the merits of the action, the Court denies the motion for counsel without prejudice to renewal at a later date.

## CONCLUSION

The Court denies the motion for *pro bono* counsel without prejudice, and respectfully orders the Clerk of Court to close the motion at Document 3.

The Court directs the Clerk of Court to: (1) issue summonses for Douglas A. Collins, Secretary of Department of Veterans Affairs; (2) complete a USM-285 form for defendant Collins; (3) on the USM-285 form for Defendant Collins, mark the box labeled "Check for service on U.S.A."; and (4) deliver all documents necessary to effect service on the defendant Collins to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[1]

SO ORDERED.

Dated:      March 25, 2026
            New York, New York

Vernon S. Broderick
United States District Judge

---

[1] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

## SERVICE ADDRESSES

1.    Douglas A. Collins
      Secretary, Department of Veterans Affairs
      810 Vermont Ave., NW
      Washington, DC 20420

2.    United States Attorney for the Southern District of New York
      Civil Division
      86 Chambers Street
      3rd Floor
      New York, New York 10007

3.    Attorney General of the United States
      United States Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, D.C. 20530-0001